## Hitt v. Pickett's Adm'r.

APPEAL FROM ROBERTSON CIRCUIT COURT.

1. VENDOR'S LIEN UNDER EXECUTORY CONTRACT.—Where the vendor of land reserves in himself the title to the land until the purchase price is paid, he holds the title as security for the payment of the purchase price, the vendee having only an equity of redemption; and the vendee can not defeat this security by transferring his equity of redemption to another, though such transfer be for value, and without notice that the legal title is held in pledge for the payment of the purchase money. The vendor has the right to enforce his security as against his immediate vendee or the latter's vendee as long as he has the right to enforce the collection of his debt.

2. SAME.—Where the vendee has sold the land to another, whose notes he has transferred to the original vendor in part payment of the balance due by him on his purchase, both the original note and the assigned notes being unpaid, it is not improper for the vendor, in an action by

---

\* This case was not reported with other cases decided at January term, 1889, for the reason that it was then overlooked.

him to enforce his lien, to join both the vendee and the sub-vendee as defendants, the land sought to be subjected being bound for both debts.

3. TENDER OF DEED.—In such an action the sub-vendee, where the cov-. enants of his title bond are independent, can not resist a judgment against him upon the ground that his vendor, the original vendee, has not made him a title.  The plaintiff having tendered the original vendee a sufficient deed, that title enures to the benefit of the sub-vendee, and if he should pay the purchase price, the court would order the title of his vendor to be conveyed to him, which is all he can ask.

4. BOND FOR TITLE—INDEPENDENT COVENANTS.—Where the covenants of a bond binding the vendor to make title and binding the vendee to pay the purchase money are independent, either can be enforced without a compliance with the other, unless there is some equitable reason why one should not be enforced until the other is complied with.

5. LIMITATION.—Where the vendor has retained the title as security for the purchase money, in an action by him to enforce that security the plea by a sub-vendee of adverse possession for fifteen years will not defeat the action, the debt itself not being barred by time. ·

6. WAIVER OF LIEN.—A lien existing in the vendor by reason of his not having parted with the legal title is not lost or waived by changing the evidence of .the indebtedness, or by accepting additional security.

W. W. KIMBROUGH, W. S. BAYNE FOR APPELLANT.

1. Appellees have no cause of action against appellant on the assigned note except as assignees of Reed.  The action on the assigned note was not so brought; therefore, the motion of appellant for appellees to elect, &c., should have been sustained.  (Civil Code, sections 83 to 86, inclusive.)

2. The vendor, by mingling and merging his original debt on Reed with a different obligation from a third party, waived any lien he may have had.

3. Reed must have first, if he had brought suit on the Hitt note, set out the terms of the contract of sale to Hitt, alleged and exhibited his title, and tendered Hitt a good title to the land before he could have obtained judgment against Hitt.  Appellees are in no better attitude. (Calvin v. Duncan, 12 Bush, 101; Williams v. Abrahams, 3 Bush, 187.)

E. L. WORTHINGTON FOR APPELLEE.

1. Appellant is simply a sub-vendee, holding by executory contract, and such a holding is not adverse to the vendor.  (Greene v. Munson, 31 Am. Dec., 605; s. c., 9 Vt., 37; Lewis v. Hawkins, 23 Wall., 119.)

2. When a vendor sells land without conveyin 'the legal title he holds

that legal title as security for the payment of the purchase money, and does not have a mere lien. (Jones on Mortgages, vol. 1, sec. 225; 3 Pomeroy's Eq. Jur., sec. 1260; 2 Jones on Liens, sec. 1107.)

3. Where the vendor retains the legal title as security for the payment of the purchase price, he does not lose or waive that security by accepting other security or by a change of notes. (Jones on Mortgages, vol. 1, sec. 232; 2 Jones on Liens, sec. 1116; Fogg v. Rogers, 2 Cold., 290.)

4. Even if such a security could be waived, there was no act done in this case amounting to a waiver. (Bradley v. Curtis, 79 Ky., 327.)

5. A vendor who retains the legal title can subject the land sold to the payment of the purchase money, although he can not recover on the notes given for the purchase money. (Gallagher v. Whalen, 9 S. W. Rep., 390; Singleton v. McQuerry, 8 Ky. Law Rep., 711; Lewis v. Hawkins, 23 Wall., 119; Thacker v. Booth, &c., 9 Ky. Law Rep., 747.)

6. The purchaser of merely equitable title can not be entitled to the protection of a purchaser in good faith without notice. (3 Pomeroy's Eq. Jur., sec. 1260.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

B. O. Pickett, in 1857, agreed in writing to sell and convey, by deed, to Washington Reed twenty-nine acres of land when the said Reed should pay the purchase price of said land, which price was evidenced by two promissory notes executed to said Pickett by said Reed. In 1868 said Reed, by executory contract in writing, sold to the appellee this piece of land, together with other land, aggregating in all seventy-three acres, for the price of two thousand two hundred and twenty-six dollars and fifty cents, payable in three installments, the last installment falling due on the first day of March, 1870. On the 20th of August, 1870, the appellant executed to said Reed his promissory note, due one day after date, for three hundred and thirty-nine dollars and forty-six cents, which covered the entire balance of

the purchase money due on said land. This note was credited by the sum of one hundred dollars, paid on the 3d of September, 1870, and fifty-two dollars paid on the 20th of October, 1870. On the 24th of August, 1871, said Reed was found to be indebted to B. O. Pickett, as the balance of the purchase money on said twenty-nine acres of land, as much as the balance due on said note, and the further sum of one hundred and sixty-one dollars and fifty-one cents. In consideration thereof he, on that day, assigned to said Pickett the above-mentioned note, and executed to him his note for one hundred and sixty-one dollars and fifty-one cents, and Pickett surrendered to him the two original notes for the price of the land.

In the appellees' petition in equity as the administrators of said Pickett to sell said land to satisfy the foregoing indebtedness, it was averred, and not denied, that Pickett reserved in himself the title to said land as security for the payment of its purchase price. It was also averred, and not denied, that Pickett, at the time he agreed to sell said land, had a fee-simple title to it, and retained such title until his death, which descended to his children, who were made parties to the action, and who tendered to Reed a deed, duly acknowledged, to said land.

The appellant, Hitt, in his answer, made no objection to this deed. In his answer, which he made a cross-petition against Reed, he did not allege that Reed could not make him a perfect title to the land. Nor did he allege that Reed was bound to make him a title before he had a right to demand the payment

of the purchase money.   He could not make such allegation, for the reason that the covenants of the bond binding Reed to make a title to the land, and binding the appellant to pay the purchase money, are independent covenants, and either can be enforced without a compliance with the other, unless there is some equitable reason shown why it should not be enforced until the other is complied with, which reason the appellant did not show.   He only asked in his cross-petition that Reed be compelled to make him a clear title in fee to the land.   The deed from B. O. Pickett's children invested Reed with an absolute title to the land, subject to the purchase money due thereon, and, subject to said sum, the title inured to the benefit of the appellant, and upon the payment of the purchase money by the sale of the land the court would order a deed to be made to the purchaser, conveying Reed's title; or, if the appellant should pay the purchase money, the court would order such deed to be made to him.   This is all that he, under the circumstances of this case, could require.

The appellant, in an amended answer, alleged that he had held the adverse possession of said land for fifteen years before the institution of this action, which he relied on as a statutory bar to the action. This plea is not available, for the reason that the action was commenced within fifteen years from the date of the execution of the note sued on by the appellant to Reed, and within fifteen years from the date of the execution of the note sued on by Reed to Pickett. There is a substantial distinction between a vendor's

security where he retains the title in himself until the purchase price is paid, and where he passes a fee to the land, and only looks to the implied lien that equity raises upon it for the payment of the purchase price. In the former case the legal title remains in the vendor as a security for the payment of the purchase price, and the vendee has only an equity of redemption. The legal title is retained by the vendor as a pledge for the payment of the purchase price, and the vendee, having only the equity of redemption, must pay the purchase price before he can compel the vendor to surrender the pledge which he holds for its payment. When the vendor has passed the legal title to the vendee, looking only to the implied lien for the payment of the purchase price, the vendee may defeat the implied lien by conveying the land to a purchaser for value without notice of the implied lien. But when the vendor reserves in himself the title to the land until the purchase price is paid, he holds the title itself as security or in pledge for the payment of the purchase price, and the vendee can not defeat this security or pledge by transferring his equity of redemption to another, though such transfer be for value, and without notice of the fact that the legal title is held in pledge for the payment of the purchase money due by his vendor. As the purchaser of the equity of redemption, and standing in the shoes of his vendor, he can not force the holder of the legal title, who holds it as security for the payment of the purchase money due him by his vendee, to surrender the title to him unencumbered by the debt which the title

was held to secure the payment of. And the holder of the legal title as security for the payment of his debt has the right to enforce such security as against his immediate vendee, or the latter's vendee, as long as he has the right to enforce the collection of his debt; and in this case the right to enforce the collection of the debt was not barred by time. (Jones on Mortgages, volume 1, section 225 ; 3 Pomeroy's Equity Jurisprudence, section 1260.)

The appellant contends that B. O. Pickett waived his lien by giving up the original purchase money notes, and taking a new note for the balance of the purchase money. As just said, Pickett had something more than an implied lien. He retained the legal title in himself as security for the payment of his debt. In other words, it was in the nature of a pledge, and it is well settled that where a person holds such security he may take additional security without waiving such security. So, the title being held by Pickett as security for the payment of the purchase price of the land, we are at a loss to see upon what ground he should be held to surrender or waive his security by changing the evidence of the indebtedness. The indebtedness was not extinguished by taking a new note for it. The title was retained as a security for the payment of the indebtedness, not merely to secure the evidence of it. (Jones on Mortgages, volume 1, section 232.)

It is true that the appellant and Reed were not bound on the same debt, nor could judgment be rendered against each on the same debt, but the land in controversy was bound for the payment of both

debts.    Therefore, it was not improper to join the appellant and Reed as defendants.

The allegations of the petition were sufficient to authorize a personal judgment against the appellant on the three hundred and thirty-nine dollar note.

The judgment is affirmed.